UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LAWRENCE BARNUM,

                            Plaintiff,

        -v-                                              1:08-CV-567 (LEK/ RFT)

PHILIP J. MOSCA, TONY PIACENTE,
MANUEL VALENTE, ROSS PEPE,
JAMES BODRATO, Individually and
as fiduciaries of the Bricklayers and
Allied Craftworkers Local 5 New York
Pension Plan; THE BOARD OF
TRUSTEES OF THE BRICKLAYERS
AND ALLIED CRAFTWORKERS
LOCAL 5 NEW YORK PENSION
FUND,

                            Defendants.

_____

## MEMORANDUM-DECISION AND ORDER

Plaintiff Lawrence Barnum commenced this action against Defendants for alleged violations

of the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 28 U.S.C. §

1132.  Am. Compl. (Dkt. No. 4).  Presently before the Court is Defendants' Motion to dismiss for

improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 29 U.S.C. §1132(e)(2), or in the alternative

for transfer of the case to the Southern District of New York, White Plains Division, for the

convenience of the parties and witnesses and in the interest of justice pursuant to 28 U.S.C.

§1404(a).  Mot. (Dkt. No. 20).  For the reasons set forth below, Defendants' Motion is denied.

## I.      BACKGROUND

Plaintiff brings this action to appeal the denial of benefits under the Bricklayers and Allied

Craftsworkers Local 5 New York Pension Plan ("the Plan"), "to enforce Plaintiff's rights under the terms of the Plan, and to clarify Plaintiff's rights to future benefits under the terms of the Plan." Am. Compl. ¶ 1.  Plaintiff further alleges that Defendants violated ERISA by, *inter alia*, failing to provide required documents and breaching their fiduciary duty.  Id.

Plaintiff is a resident of Greene County, New York, which lies within this District.  Am. Compl. ¶ 7.  Since June of 2008, the Plan maintains an office in Newburgh, New York.  Decl. of Stephen E. Ehlers ¶ 7 (Dkt. No. 28, Attach. 1).  The individually named Defendants are residents of Westchester, Rockland, and Orange counties, all outside the bounds of the Northern District of New York.  Id. ¶¶ 2-5.

## II.    DISCUSSION

## A.    Venue Under 29 U.S.C. § 1132(e)(2)

On a Rule 12(b)(3) motion to dismiss for improper venue, the plaintiff bears the burden of showing that venue is proper in the chosen district.  United States E.P.A. ex rel. McKeown v. Port Authority, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001).  "If the court chooses to rely on the pleadings and affidavits, the plaintiff need only make a *prima facie* showing of [venue]."  Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005) (quoting CutCo Indus. v. Naughton, 806 F.2d 361, 364-65 (2d Cir. 1986)).

An ERISA action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . ." 29 U.S.C. § 1132(e)(2). Plaintiff concedes that none of the Defendants reside in the Northern District of New York and that the Plan is not administered in the Northern District.  See Mem. in Opp'n at 6-12 (Dkt. No. 23). Thus, if Plaintiff cannot make a prima facie showing that the breach occurred in this District or that

2

the Defendants "may be found" within this District, the Court must either dismiss the case or

transfer the case to an appropriate venue where the action may have otherwise been brought.  Fed.

R. Civ. P. 12(b)(3); 28 U.S.C. § 1404(a).

      **1.**       **Establishing Venue Through "Place of Breach"**

      Plaintiff alleges that a breach of the Plan occurred at his home where he has received

benefits from the Plan and that the denial of these benefits within the Northern District of New York

therefore gives rise to proper venue within this District.  Conversely, Defendants argue that the

breach, if any, occurred in the Southern District of New York, where the Plan is physically located

and managed.

      Neither the Northern District nor the Second Circuit have addressed where a breach takes

place for the purpose of establishing venue pursuant to 29 U.S.C. § 1132(e)(2).  However, other

district courts within New York have examined the issue.  See Roshinsky v. Reynolds, No. 06-6340,

2008 U.S. Dist. LEXIS 56185, at *10-*12 (W.D.N.Y. July 21, 2008);  Seitz v. Board of Trustees of

the Pension Plan of the New York State Teamsters Conference Pension & Retirement Fund., 953 F.

Supp. 100, 102 (S.D.N.Y. 1997).

      Plaintiff relies on Roshinsky for the principle that the place of breach is where the benefits

are received, i.e., at the beneficiary's home.  Mem. in Opp'n at 7-9.  The Roshinsky court went to

great lengths to survey the law from courts around the country on the issue of the location of a

breach for the purposes of establishing venue for an ERISA claim.  See 2008 U.S. Dist. LEXIS

56185, at *10-*12 (collecting cases).  Ultimately the court held that "venue . . . [for ERISA

purposes] is appropriate . . . where the alleged breach took place, inasmuch as [it] is the situs at

which Plaintiff has historically received the benefits that he now claims are being denied him."  Id.

3

at *12.

Several district courts have treated the issue similarly to the Roshinsky court. See, e.g., Cross v. Fleet Reserve Ass'n Pension Plan, 383 F. Supp. 2d 852, 856 (D. Md. 2005); Coulter v. Office and Prof'l Employees Intern. Union, No. 03-111, 2003 U.S. Dist. LEXIS 13958, at *13 (E.D. Tenn. April 10, 2003); Schrader v. Trucking Employees of North Jersey Welfare Fund, Inc., 232 F. Supp. 2d 560, 573 (M.D.N.C. 2002); Cole v. Central States Southeast and Southwest Areas Health and Welfare Fund, 225 F. Supp. 2d 96, 98 (D. Mass. 2002); Keating v. Whitmore Mfg. Co., 981 F. Supp. 890, 893 (E.D. Pa. 1997); Brown Schools, Inc. v. Florida Power Corp., 806 F. Supp. 146, 149 (W.D. Tex. 1992) ("Generally, the place of breach of an ERISA plan under 29 U.S.C. §1132 is where the recipient of benefits 'actually acquires his due,' i.e., receives payment of benefits, or where the decision to deny benefits is made.") (internal citations omitted); McFarland v. Yegen, 699 F. Supp. 10, 13 (D.N.H. 1988); Palka v. Theodore M. Hylwa, M.D., Inc., No. 85-2480, 1986 U.S. Dist. LEXIS 20854, at *4 (D. Kan. Sept. 3, 1986).

On the other hand, Defendants rely on Seitz in support of their contention that the alleged breach did not occur in the Northern District. While the Seitz court's venue analysis was focused upon whether the defendant could be found in the Southern District, the court noted that "the alleged breach 'took place' . . . where all pension benefit claims are processed." 953 F. Supp. at 102.

A sizable minority of courts have determined, as Defendants urge this court, that the place of breach, for the purposes of an ERISA action, is where the decision to terminate benefits was made or where the plan was administered and not where the beneficiary resides. See, e.g., Tyson v. Pitney Bowes Long-Term Disability Plan, No. 07-CV-3105, 2007 WL 4365332, at *3 (D.N.J. Dec. 11,

4

2007); Orgeron v. Moran Towing Corp., No. 93-4164, 1994 WL 462995, at *2 (E.D. La. Aug. 22,

1994); Turner v. CF&I Steel Corp., 510 F. Supp. 537, 541 (E.D. Pa. 1981); Boyer v. J. A. Majors

Co., Employees' Profit Sharing Plan, 481 F. Supp. 454, 459 (N.D. Ga. 1979).

      In Turner, the court explained that the place of breach was either "where the decisions

regarding payment amounts" were made or the place from where the benefit checks were mailed.[1]

510 F. Supp. at 541.  In Boyer, the plaintiff claimed that venue was proper in Georgia because the

defendants had stopped payment on a check that they had sent to the plaintiff in Georgia.  481 F.

Supp. at 459.  The court disagreed, explaining that

> [t]he stop payment order was issued by the trustee bank in Texas, and the breach, if any,
> occurred when the Committee instructed the trustee bank to take such action.  That
> decision was made in Texas, where the Plan was administered.

Id.

      This Court agrees with the majority of courts that have addressed this issue–that for purposes

of the ERISA venue statute, the place of breach occurs where the plaintiff is to receive his benefits.

Support for this reading of the statute is found in both statutory construction as well as the

legislative intent in passing the venue provision of the ERISA statute.

      As a matter of statutory construction, this Court does not interpret "place of breach" as the

place where the plan is processed.  "It is 'a cardinal principle of statutory construction' that 'a

statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or

word shall be superfluous, void, or insignificant.'"  TRW Inc. v. Andrews, 534 U.S. 19, 31 (2001)

(quoting Duncan v. Walker, 533 U.S. 167, 174 (2001)).  If this Court were to hold that the place of

---

[1]  Notwithstanding that the plaintiff was unable to establish that the place of breach occurred
within his chosen district, the Turner court denied defendants' motion to dismiss, because the court
determined that the defendant could be found within the district.  510 F. Supp. at 541.

breach is at the location of the decision making or processing of the Plan, it would render a portion

of § 1132(e)(2) "superfluous, void, or insignificant;" specifically, the provision for establishing

jurisdiction "where the plan is administered." See Cole, 225 F. Supp. 2d at 98 ("If the place of

breach were the place where benefits were denied, the place of breach would always be the place

where the plan is administered. This would make the first two venue options in § 1132(e)(2)

coextensive.").

Legislative history pertaining to the ERISA venue statute also provides support for

construing the statute to mean that the place of breach occurs at the situs where benefits are

received. It was the intent of Congress to give plaintiffs in ERISA actions "ready access to the

Federal courts." 29 U.S.C. § 1001(b). Courts have acknowledged this intention, finding that the

"wide choice of venue and nationwide service of process reflects the broader purpose of Congress to

liberalize procedural rules in ERISA cases . . . ." Ward v. Maloney, No. 02-00467, 2003 WL

1562424, *1 (M.D.N.C. March 21, 2003); see Cole, 225 F. Supp. 2d at 98. The relevant House

Report states:

> [t]he enforcement provisions have been designed specifically to provide . . .
> beneficiaries with broad remedies for redressing or preventing violations of [ERISA].
> The intent of the Committee is to provide the full range of legal and equitable remedies
> available in both state and federal courts and to *remove jurisdictional procedural
> obstacles* which in the past appear to have hampered effective enforcement of fiduciary
> responsibilities under state law for recovery of benefits due to participants.

Ward, 2003 WL 1562424, at *1-*2 (quoting H.R.Rep. No. 93-533, 93rd Cong., 1st Sess. (1973),

reprinted in 1974 U.S.C.C.A.N. 4639, 4655); see Keating, 981 F. Supp. at 892; Ballinger v. Perkins,

515 F. Supp. 673, 675 (W.D. Va. 1981). As the Ward court explained and this Court agrees, "[i]t is

with this congressional intent in mind that the court approaches Defendant's venue challenge."

2003 WL 1562424 at *2.

Further support for holding the place of breach to be at the place where benefits are received is that a breach of a term of the Plan is akin to a breach of contract which occurs where the contract is to be performed– in this case, where Plaintiff was to receive his benefits.  See Strickland v. Trion Group, Inc., 463 F. Supp. 2d 921, 925 (E.D. Wis. 2006) (citing Bostic v. Ohio River Co. (Ohio Division) Basic Pension Plan, 517 F. Supp. 627, 634-37 (S.D. W.Va. 1981)).

In the present case, Plaintiff resides in Greene County, New York, within the bounds of the Northern District.  Plaintiff's Amended Complaint alleges, among other things, the "partial denial of Plaintiff's benefits under the plan."  Am. Compl. ¶ 1.  The alleged denial of benefits constituted a breach at the place where the Plaintiff resides and would have received his benefits, here in the Northern District.  Thus, the Court finds that venue is proper pursuant to 29 U.S.C. § 1132(e)(2).

**2.    Other Means of Establishing Proper Venue**

Section 1132(e)(2) requires that only one of the four means must be satisfied for venue to be proper within a particular district.  29 U.S.C. § 1132(e)(2).  Because the Court concludes, as a matter of law, that the alleged breach took place within this District, where the Plaintiff traditionally receives his benefits, it is not necessary to inquire further as to the viability of venue through where the Defendants "may be found."

**B.    Transfer**

Pursuant to 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The burden is on the moving party to establish that a change in venue is warranted.  Factors, Etc., Inc. v. Pro Arts Inc., 579 F.2d 215, 218 (2d Cir. 1978), abrogated on other

7

grounds by Pirone v. MacMillan, Inc., 894 F.2d 579 (2d Cir. 1990).  The movant must make a clear and convincing showing that the interest of justice and convenience of the parties and witnesses necessitates transfer.  Jackson v. New York State, No. 03-cv-0577, 2006 U.S. Dist. LEXIS 44778, at *10 (N.D.N.Y. June 30, 2006).  Furthermore, "a plaintiff's choice of forum is presumptively entitled to substantial deference.  Indeed, our legal system has traditionally deferred to the plaintiff's choice of forum, and 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'"  Gross v. British Broadcasting Corp., 386 F.3d 224, 230 (2d Cir. 2004) (internal citations omitted) (citing Iragorri v. United Techs. Corp., 274 F.3d 65, 70-71 (2d Cir. 2001) (en banc); quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

This Court's inquiry with respect to transfer proceeds in two parts.  First, the Court must determine whether the action could have been brought in the proposed transferee district.  If yes, the Court must then determine if transfer is warranted in the interest of justice and for the convenience of the parties and witnesses.  Fuji Photo Film Co. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006).

The present case could have been brought in the Southern District of New York.  Three of the means provided for in the ERISA statute would allow an action in that district, as the Plan was administered there and Defendants reside and may be found there.  Plaintiff does not contest that the action could have been brought in the Southern District.  Thus, the Court must address whether transfer is appropriate.

Federal courts typically examine a number of factors to determine whether the movant can overcome the considerable weight given to a plaintiff's choice of forum.  The Second Circuit has recently noted that the factors a district court should consider when determining whether transfer is

8

warranted under § 1404 include, *inter alia*:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

D. H. Blair & Co., Inc., v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006) (quoting Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)).  Other factors that courts have considered include "the forum's familiarity with the governing law" and "trial efficiency and the interests of justice, based on the totality of the circumstances."  Wagner v. New York Marriott Marquis, 502 F. Supp. 2d 312, 314-15 (N.D.N.Y. 2007) (citation omitted).

In consideration of the substantial deference that the Court must give to Plaintiff's chosen forum, Defendants have not shown by clear and convincing evidence that transfer is appropriate.  First, the convenience of the parties and other witnesses does not clearly point to upsetting Plaintiff's forum choice.  Plaintiff resides in Greene County, within the Northern District.  Defendants assert that the Bricklayers and Allied Craftworkers Local 5 New York headquarters is now located in Newburgh, New York, within the Southern District.  Reply at 6 (Dkt. No. 28).  While Newburgh is closer to White Plains than to Albany, any inconvenience must be weighed against the considerably greater distance that Plaintiff would have to travel if the action were transferred to White Plains.  Moreover, while the individually named Defendants and other potential non-party witnesses reside in the Southern District or points south, the additional distance they would have to travel to Albany is not sufficient to overcome the strong presumption in favor of Plaintiff's chosen forum, especially considering the relatively close proximity of Albany to White Plains.  See Jackson, 2006 U.S. Dist. LEXIS 44778, at *20 ("It is said that the convenience of the

parties plays less of a role when the choice is between two contiguous districts[.]").

Transfer is also not warranted by the locus of operative facts or ease of access to sources of proof.  As discussed above, the Court concludes as a matter of law that the alleged breach took place in the Northern District, where Plaintiff was to receive his benefits.  Plaintiff declares that he already has access to most of the relevant documents in this case, and Defendants have not shown that any remaining documents could not be produced for further proceedings in Albany.  Defendants have not alleged the need for process to compel the attendance of any unwilling witnesses. Defendants have not shown that the relative means of the parties supports transfer, as Defendants do not challenge Plaintiff's assertion that while Plaintiff is a retired individual, Defendants "are a large pension fund and trustees with substantial resources[.]"  Mem. in Opp'n at 18.  Nor have Defendants shown that the forum's familiarity with the governing law supports transfer, as all federal courts are presumed to be equally familiar with federal law.  See Al-Ahmed v. Chertoff, 564 F. Supp. 2d 16, 20 (D.D.C. 2008); Sires v. Chicago, Cent. & Pac. R. Co., No. 92 C 2673, 1992 WL 175469, *2 (N.D. Ill. July 20, 1992).

Finally, Defendants have also not provided any compelling reason as to why trial efficiency or the interests of justice would favor transfer.  Defendants assert that transfer would not result in any appreciable delay in the resolution of the case, as discovery has not yet begun.  Mem. in Supp. at 11 (Dkt. No. 21).  However, Defendants shoulder the burden to show why transfer is appropriate, and Defendants have not alleged that the case would be resolved appreciably faster in the Southern District.  See In re Global Cash Access Holdings, Inc. Securities Litigation, No. 08 Cv. 3516, 2008 WL 4344531, at *7 (S.D.N.Y. Sep. 18, 2008) ("In considering trial efficiency, a district court may pay some mind to relative levels of docket congestion in the prospective transferor and transferee

10

districts.").  Nor have Defendants shown any reason why the interests of justice would be better served if this action were transferred to the Southern District.

In summary, Defendants have not established that the deference owed to the Plaintiff's choice of forum should be disturbed. Accordingly, Defendants' Motion to transfer is denied.

**III.**   **CONCLUSION**

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' Motion to Dismiss/ Motion to Transfer (Dkt. No. 20) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:  April 13, 2009
           Albany, New York

Lawrence E. Kahn
U.S. District Judge

11